℠JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DAWN DUNLAP

## DEFENDANTS
NCO FINANCIAL SYSTEMS, INC.

(b) County of Residence of First Listed Plaintiff _____

County of Residence of First Listed Defendant _____

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | IMMIGRATION | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Section 1692

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) (See instructions):

JUDGE _____  DOCKET NUMBER _____

Explanation:

DATE: 11-16-10

SIGNATURE OF ATTORNEY OF RECORD

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _2828 Old Hickory Blvd. 405 Nashville, TN 37221_

Address of Defendant: _507 Prudential Road, Horsham, PA 19044_

Place of Accident, Incident or Transaction: _____
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐    No☒

Does this case involve multidistrict litigation possibilities?    Yes☐    No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐    No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐    No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐    No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐    No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases  _15 U.S.C. §1692_
(Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, _Craig Thor Kimmel_, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _11-16-10_    _Craig Thor Kimmel_    _57100_
Attorney-at-Law    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _11-16-10_    _Craig Thor Kimmel_    _57100_
Attorney-at-Law    Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Dawn Dunlap : CIVIL ACTION
v.
NCO Financial Systems, Inc : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                               ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                     (X)

11-16-10                Craig Thor Kimmel              Dawn Dunlap
Date                    Attorney-at-law                Attorney for

215-540-8888            877-788-2864                   Kimmel@creditlaw.com
Telephone               FAX Number                     E-Mail Address

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAWN DUNLAP | ) Case No.: |
| Plaintiff, | ) COMPLAINT AND DEMAND FOR ) JURY TRIAL |
| v. | ) |
| NCO FINANCIAL SYSTEMS, INC. | ) (Unlawful Debt Collection Practices) |
| Defendant. | ) |

## COMPLAINT

DAWN DUNLAP, ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, PC, alleges the following against NCO FINANCIAL SYSTEMS, INC., ("Defendant"):

### I. INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. § 1692 et seq.* ("FDCPA").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. § 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. § 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3. Defendant conducts business and maintains their corporate headquarters within the State of Pennsylvania and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. § 1391(b)(1)*.

- 1 -

5. Declaratory relief is available pursuant to *28 U.S.C. §§ 2201 and 2202*.

### III. PARTIES

6. Plaintiff is a natural person residing in Nashville, Tennessee 37221.

7. Plaintiff is a "consumer" as that term is defined by *15 U.S.C. § 1692a(3)*.

8. Defendant is a national debt collection company with corporate headquarters located at 507 Prudential Road, Horsham, Pennsylvania 19044-2308.

9. Defendant is a debt collector as that term is defined by *15 U.S.C. § 1692a(6)*, and sought to collect a consumer debt from Plaintiffs.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. PRELIMINARY STATEMENT

11. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq*. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not

- 2 -

engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## V. FACTUAL ALLEGATIONS

15. Defendant and others it retained began in March 2010, through the present to constantly and continuously place harassing and abusive collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt.

16. The alleged debt at issue arose out of transactions which were primarily for personal, family, or household purposes.

17. Defendant and its employees identified as "Chelsea", "Charitha Taylor" and Chelsea's supervisor/manager, harassed the Plaintiff by calling her repeatedly at her place of employment and on her cell phone.

18. Plaintiff told Defendant to stop contacting her at work and on her cell, but Defendant disregarded her instructions and continued calling Plaintiff, including but not limited to, April 7, 2010, April 10, 2010 and April 14, 2010.

19. "Charitha Taylor" harassed Plaintiff by accusing her of "not paying her loan" and threatened to "note the account that Plaintiff refused to pay".

20. On or about March 31, 2010, Defendant mailed a letter to Plaintiff that sought payment for a debt allegedly owed to "Citibank" that was purchased by "NCO FINANCIAL SYSTEMS, INC." for $47,110.84. See Plaintiff's Exhibit "A".

21. Plaintiff at all times has disputed owing this debt.

22. Plaintiff never contracted with any company named "NCO FINANCIAL SYSTEMS, INC." or agreed to any obligation to a "NCO FINANCIAL SYSTEMS, INC."

23. Defendant used false, misleading and deceptive means during the first telephone call to Plaintiff, when they failed to disclose that Defendant was a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

24. Defendant failed to validate the alleged debt within 5 days after the initial telephone call after Plaintiff requested this information to be sent.

25. Defendant continues to attempt to collect on the alleged debt.

### VI. CONSTRUCTION OF APPLICABLE LAW

26. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

27. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C § 1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

28. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3d Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced

does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

29. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

  a. When it communicated with the Plaintiff at a place or time known or which should be known to be inconvenient to the consumer, in violation of 15 U.S.C. §1692c(a)(1);

  b. When it contacted the Plaintiff at her place of employment and knew or had reason to know that the Plaintiff's employer prohibits such communication, in violation of 15 U.S.C. §1692c(a)(3);

  c. Harassing, oppressing or abusing Plaintiffs in connection with the collection of a debt, by calling Plaintiffs repetitively, in violation of 15 U.S.C.§1692d;

  d. When it caused the Plaintiffs' telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse Plaintiffs, in violation of 15 U.S.C. §1692d(5);

e. When it used false, misleading and deceptive means in connection with the collection of an alleged debt, in violation of 15 U.S.C. §1692e;

f. When they falsely represented the character, amount or legal status of an alleged debt, in violation of 15 U.S.C. §1692e(2);

g. When they implied that the Plaintiff committed any crime or other conduct in order to disgrace the Plaintiff, in violation of 15 U.S.C. §1692e(7);

h. When they used false, misleading and deceptive means to collect or attempt to collect any debt, in violation of 15 U.S.C. §1692e(10);

i. When it used false, misleading and deceptive means during the initial oral communication when it failed to disclose that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, in violation of 15 U.S.C. §1692e(11);

j. Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. §1692(f);

k. When they added fees, charges and expenses not expressly authorized by an agreement with Plaintiff, in violation of 15 U.S.C. §1692f(1);

l. When it failed to validate the debt within 5 days after the initial telephone call by sending the Plaintiff written notice containing the amount of debt, name of creditor, etc., in violation of 15 U.S.C. §1692g(a); and

m. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

## VII. JURY DEMAND

30. PLEASE TAKE NOTICE that Plaintiff, DAWN DUNLAP, demands a jury trial in this case.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DAWN DUNLAP, by and through her attorney, respectfully pray for judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. §692k(a)(1);

b. Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C

Dated: 11-16-10

_____
Craig Thor Kimmel
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (215) 540-8817
Email: kimmel@creditlaw.com

- 8 -

PO BOX 15630
DEPT 72
WILMINGTON DE 19850

**NCO FINANCIAL SYSTEMS INC**

507 Prudential Road. Horsham, PA 19044

1-800-220-1942
OFFICE HOURS:
8AM-9PM MON THRU THURSDAY
8AM-5PM FRIDAY
8AM-12PM SATURDAY
Mar 31, 2010

Calls to or from this company may be monitored or recorded for quality assurance.

25700.287

RJ4547
DAWN DUNLAP
2828 OLD HICKORY BLVD. APT 605
NASHVILLE TN  37221-3730

CREDITOR: CITIBANK
CREDITOR'S ACCOUNT #: 0771469837
REGARDING: PAST DUE ACCOUNT
CURRENT BALANCE DUE: $ 47110.84

The named creditor has placed this account with our office for collection. It is important that you forward payment in full. Please make payment payable to CITIBANK.

If you choose not to respond to this notification, we will assign your account to a collector with instructions to collect the balance.

To assure proper credit, please put our internal account number RJ4547 on your check or money order and enclose the lower portion of this letter, or a copy thereof, with your payment. If you need to speak to a representative, contact us at 1-800-220-1942.

You may also make payment by visiting us online at www.ncofinancial.com. Your unique registration code is CRJ45477-24WEWX.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

THIS COLLECTION AGENCY IS LICENSED BY THE COLLECTION SERVICE BOARD OF THE DEPARTMENT OF COMMERCE AND INSURANCE.

| Our Account # | Current Balance Due |
|---|---|
| RJ4547 | $ 47110.84 |

DAWN DUNLAP
Payment Amount

$

Check here if your address or phone number has changed and provide the new information below.

Mail Payment To:

NCO FINANCIAL SYSTEMS
PO BOX 15889
WILMINGTON, DE 19850-5889

NCOP A
287

017200RJ45479000000220000000047110848

PLAINTIFF'S EXHIBIT A
ALL-STATE LEGAL®